UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONIQUE LOCKHART *et al.*,

    Plaintiffs,

v.

COASTAL INTERNATIONAL SECURITY, INC.,

    Defendant.

Civil Action No. 11-2264 (BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION

Pending before the Court is defendant Coastal International Security, Inc.'s Motion for Summary Judgment, ECF No. 25, on the sole remaining count in the complaint alleging, in Count II, wrongful discharge in violation of public policy. For the reasons set forth below, the defendant's motion is granted.[1]

## I. BACKGROUND

### A. Factual Background

The factual background as alleged in the complaint of this employment dispute is outlined in the Court's prior Memorandum Opinion and will not be repeated here. *See Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 108 (D.D.C. 2012). In sum, the plaintiffs Monique Lockhart ("Lockhart") and Monique Lockhart, as next best friend of K.C. ("K.C."), allege that the defendant terminated Lockhart's employment as a security guard because she was pregnant and in retaliation for declining to make a false statement supportive of her supervisor, who was accused of sexual harassment. Compl. ¶ 39, ECF No. 1-1.

---

[1] The plaintiffs were represented by counsel during the briefing of the pending motion for summary judgment but after briefing was complete, the plaintiffs' counsel moved to withdraw. *See* Pls.' Mot. for Withdrawal of Counsel, ECF Nos. 30, 31. These motions were granted. Minute Order (Sept. 26, 2013).

1

Discovery in this case revealed that after Lockhart was hired in June, 2004, she received at least seven disciplinary notices, known as Personnel Action Reports ("PARs"), from June, 2006 through September, 2008. Def.'s Statement of Undisputed Facts Supp. Mem. Supp. Mot. Summ. J. ("Def.'s Facts") ¶¶ 6–37, ECF No. 25-2; Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s Mem.") at 3–5, ECF No. 25-1. These disciplinary citations include: two citations for neglect of duty for sleeping on post, Def.'s Facts ¶¶ 7, 31; a citation for neglect of duty by reading on post, *id.* ¶ 21; a citation for the unauthorized use of a cell phone while on post, *id.* ¶ 12; knowingly making a false statement, *id.* ¶ 15; reporting to work without required credentials, *id.* ¶ 20; and disorderly conduct, *id.* ¶ 26. These citations included "four 'final' warnings," prior to the seventh PAR and the termination decision. *Id.* ¶ 42. "Based on this record and the fact that sleeping on duty is itself a terminable offense," the defendant terminated plaintiff Lockhart's employment effective on September 24, 2008. *Id.* ¶ 43. According to the defendant, the Vice President of Human Resources who decided to terminate the plaintiff was unaware of the plaintiff's pregnancy or alleged participation in a sexual harassment investigation. *Id.* ¶ 44.

This summary of the facts is not controverted by the plaintiffs.[2] The defendant correctly points out that the "Plaintiff has [] not put any facts into the record to dispute that Plaintiff was failing to meet Coastal's legitimate work expectations and that the person who decided to

---

[2] The Local Civil Rules provide that "facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h)(1). In this case, the plaintiffs have filed no separate statement responding to the material facts asserted in the Def.'s Facts, but have merely made conclusory statements in their opposition memorandum about the existence of "genuine issues of material fact justifying trial in this matter," including plaintiff Lockhart's statements and beliefs about the reason for her termination and bald assertions that "other personnel were asleep on the job," but were not terminated. Pls.' Opp'n Mot. Summ. J. ("Pls.' Opp'n") ¶¶ 1, 8, 9, ECF No. 27. Such conclusory statements, without citation to the supporting evidentiary record other than the complaint or self-serving assertions by the plaintiffs, is wholly insufficient to controvert the facts asserted by the defendant, particularly when the parties have been afforded ample time for discovery. Thus, the Court, which construes Local Civil Rule 7(h)(1) strictly, considers the defendant's statement of facts to be admitted for purposes of the instant motion. *See, e.g., Robertson v. Am. Airlines, Inc.,* 239 F. Supp. 2d 5, 8 (D.D.C. 2002) ("Because [LCvR 7(h) ] helps the district court maintain docket control and decide motions for summary judgment efficiently, the D.C. Circuit has repeatedly upheld district court rulings that hold parties to strict compliance with this rule.") (internal citations omitted).

terminate Plaintiff had no knowledge of her pregnancy or alleged involvement in a harassment investigation." Def.'s Reply Supp. Mot. Summ. J. ("Def.'s Reply") at 1, ECF No. 28.

### B. Procedural History

The plaintiff initially filed a complaint with the District of Columbia Office of Human Rights ("DCOHR") "alleging disability discrimination, a hostile work environment and a failure to accommodate." Def.'s Facts ¶ 47. The DCOHR dismissed these claims because they were first raised outside the applicable one year statute of limitations. *Id.* ¶ 48. Subsequently, the plaintiffs filed the instant complaint in the Superior Court for the District of Columbia, *id.* ¶ 49, and the defendant removed the case to this Court. *Id.* ¶ 51.

Upon removal to this Court, the defendant answered the complaint and sought a stay to allow the plaintiffs to present their tort claims to the District of Columbia Department of Employment Services ("DOES") for a determination of whether these claims arose from a work-related incident in the workplace and were therefore covered by the District of Columbia Worker's Compensation Act ("DCWCA"). *Lockhart*, 905 F. Supp. 2d at 109. The Court granted the defendant's motion, with the plaintiffs' partial consent, and stayed the case pending the determination by DOES of the applicability of the DCWCA to the plaintiffs' claims.[3] *See* Minute Order (Jan. 14, 2012). After six months, without any apparent action by DOES or the plaintiffs' filing of documentation showing that the claims had been submitted to DOES as required by the Court, the stay was lifted. *See* Minute Order (July 13, 2012).

Shortly thereafter, the defendant filed a motion to dismiss all claims, which was construed by the Court as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), since such motions may be brought "[a]fter the pleadings are closed—but

---

[3] The Court also stayed Count II, alleging wrongful discharge, since it arose out of the same events as the other counts and "to avoid piecemeal litigation." Minute Order (Jan. 14, 2012).

3

early enough not to delay trial." *Lockhart*, 905 F. Supp. 2d at 112 (internal citations omitted). The Court granted the motion, in part, dismissing all claims other than Count II as conceded because the plaintiffs did "not dispute or even respond to the defendant's argument regarding the exclusivity of the WCA remedies as to plaintiff Lockhart's injuries, as claimed in Counts I, III, IV and V." *Id*. at 117; Order, ECF No. 21. The Court denied the defendant's motion to dismiss Count II, explaining that this claim alleging wrongful discharge in violation of public policy "falls 'outside the scope of the [WCA], as it does not cover injuries during employment,'" and the only basis asserted for dismissal was that the plaintiffs failed to prosecute or comply with the Court's order, under Federal Rule of Civil Procedure 41(b). *Id.* at 119. The Court concluded that any "failure by the plaintiffs to submit their tort claims to DOES during the stay has no bearing on the viability of Count II," and to penalize "plaintiff Lockhart by dismissal of Count II, which is separate from her tort claims, would be overly harsh." *Id.* at 120.

The defendant has now moved for Summary Judgment on Count II, which is the sole count remaining in the plaintiffs' complaint. Def.'s Mem. at 1.

## II. LEGAL STANDARD

Granting a motion for summary judgment is appropriate if the movant carries the burden of showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," based upon the pleadings, depositions, and affidavits, and other factual materials in the record. FED. R. CIV. P. 56(a), (c); *Ali v. Tolbert*, 636 F.3d 622, 628 (D.C. Cir. 2011); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The Court is only required to consider the materials explicitly cited by the parties, but may, on its own accord, consider "other materials in the record." FED. R. CIV. P. 56(c)(3).

When, at the summary judgment stage, the parties present a genuine dispute about the facts, the Court must draw all justifiable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). For a factual dispute to be "genuine," the nonmoving party must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position, *Anderson*, 477 U.S. at 252, or "simply show that there is some metaphysical doubt as to the material facts," *Scott*, 550 U.S. at 380, and cannot rely on "mere allegations" or conclusory statements, *see Veitch v. England*, 471 F.3d 124, 134 (D.C. Cir. 2006); *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993); *accord* FED. R. CIV. P. 56(e). Notably, "[s]elf-serving testimony does not create genuine issues of material fact, especially where that very testimony suggests that corroborating evidence should be readily available." *Fields v. Office of Johnson*, 520 F. Supp. 2d 101, 105 (D.D.C. 2007).

Rather, the nonmoving party must present specific facts "'such that a reasonable jury could return a verdict for the nonmoving party.'" *Grosdidier v. Broad. Bd. of Governors, Chairman*, 709 F.3d 19, 23 (D.C. Cir. 2013) (quoting *Anderson*, 477 U.S. at 248); s*ee also* FED. R. CIV. P. 56(c)(1). If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In that situation, summary judgment is properly granted against a party who, "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## III. DISCUSSION

The plaintiffs' sole remaining claim asserts that Lockhart was wrongfully discharged, in violation of public policy, due to her pregnancy and refusal to conceal sexual harassment activities by her supervisor, and that the public policy violated is reflected in Title VII. *See* Compl. ¶ 39 (Count II) (alleging discharge due to "the Plaintiff's medical disability, and or [] her refusal to cover up an investigation into allegations of violation of Title VII"). In evaluating a wrongful discharge in violation of public policy claim, this Court begins with the general proposition that "in the District of Columbia . . . an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." *Adams v. George W. Cochran & Co., Inc.*, 597 A.2d 28, 30 (D.C. Cir. 1991) (internal citations omitted). A "very narrow exception" to the at-will doctrine has been recognized in this jurisdiction when the "sole reason" for the employee's termination "offends some mandate of public policy that is firmly anchored in either the Constitution or in a statute or regulation which clearly reflects the particular public policy being relied upon." *Bilal-Edwards v. United Planning Org.*, 896 F. Supp. 2d 88, 93–94 (D.D.C. 2012) (quoting *Carson v. Sim*, 778 F. Supp. 2d 85, 97 (D.D.C. 2011)) (internal quotation marks omitted). In *Adams*, the plaintiff was fired for refusing to violate the law by driving a truck without a required inspection sticker on its windshield. The D.C. Court of Appeals explained

6

that the plaintiff "was forced to choose between violating the regulation and keeping his job—the very choice which . . . he should not have been required to make. Even though the criminal liability facing him was not very great, it was nonetheless unacceptable and unlawful for his employer to compel him to choose between breaking the law and keeping his job." *Adams,* 597 A.2d at 34.

The D.C. Court of Appeals has cautioned that "the 'very narrow exception' created in *Adams* should not be read in a manner that makes it impossible to recognize any additional public policy exceptions to the at-will doctrine that may warrant recognition" and expanded the "very narrow" exception to include circumstances in which an employee is discharged in retaliation for reporting to authorities an employer's wrongdoing. *Carl v. Children's Hosp.*, 702 A.2d 159, 160, 165 (D.C. 1997). Since "*Carl*, this Court and the D.C. Court of Appeals and the D.C. Circuit have created additional exceptions to this supposedly 'very narrow' public policy exception." *Jones v. D.C. Water & Sewer Auth.*, 12-1454, 2013 U.S. Dist. LEXIS 64217, at *3 (D.D.C. May 6, 2013); *see also Coleman v. District of Columbia*, 828 F. Supp. 2d 87, 96 (D.D.C. 2011) ("[I]t appears that the public policy exceptions may be swallow[ing] up the at-will doctrine.") (internal quotations and citation omitted; brackets in original).

Notwithstanding the expansion of the "very narrow" public policy exception, an important limiting principle is that a plaintiff may not seek relief under a theory of wrongful discharge based upon a statute that carries its own remedy for violation. *See, e.g.*, *Carter v. District of Columbia*, 980 A.2d 1217, 1225–26 (D.C. 2009) (declining to create public policy exception where plaintiff's conduct "fell squarely under the aegis of the District's Whistleblower Protection Act," which "provides that an employee aggrieved by a prohibited personnel action may bring a civil action for monetary and equitable relief"); *McManus v. MCI Commc'ns Corp.*,

748 A.2d 949, 957 (D.C. 2000) (refusing to create a public policy exception for claims of discrimination because the District of Columbia Human Rights Act ("DCHRA") already protects the same public policy); *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 126 (D.D.C. 2012) (same); *Hicks v. Assoc. of Am. Med. Colls.*, 503 F. Supp. 2d 48, 55 (D.D.C. 2007) (holding that remedies under the Fair Labor Standards Act and District of Columbia Minimum Wage Act preclude application of wrongful discharge in violation of public policy); *Kakeh v. United Planning Org., Inc.*, 537 F. Supp. 2d 65, 72 (D.D.C. 2008) (noting that the District of Columbia Whistleblower Protection Act, False Claims Act, and District of Columbia False Claims Act contain "specific and significant remed[ies]"). Thus, "[e]ven where there is a showing of a clearly identifiable policy, the [Court] has refused to [set aside] the doctrine of at-will employment where the legislature has already created a specific, statutory cause of action to enforce the public policy at issue." *LeFande v. District of Columbia*, 864 F. Supp. 2d 44, 50 (D.D.C. 2012) (internal quotation marks omitted); *see also Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 254 (D.C. Cir. 2008) ("[T]he D.C. Court of Appeals held the [public policy] exception unavailable 'where the very statute creating the relied-upon public policy already contains a specific and significant remedy for the party aggrieved by its violation'") (quoting *Nolting v. Nat'l Capital Grp., Inc.*, 621 A.2d 1287, 1390 (D.C. 1993)).

As articulated in the complaint, the plaintiffs assert that Lockhart's termination was based upon either (1) requesting accommodations for her pregnancy, or (2) refusing to "conceal sexual harassment activities on behalf of her supervisor." Compl. ¶¶ 36, 37, 39. Lockhart echoed the same reasons during her deposition. *See* Deposition of Monique Lockhart ("Lockhart Dep.") at 28:8–15, ECF No. 25-4. As the defendant aptly notes, "Title VII provides Plaintiff with a potential remedy for her alleged pregnancy discrimination and retaliation claims," Def.'s Mem.

at 2, and therefore this claim falls outside the purview of the limited public policy exception permitting wrongful discharge claims by at-will employees. *See Hoskins v. Howard Univ.*, 839 F. Supp. 2d 268, 281 (D.D.C. 2012) (noting that anti-retaliation provisions of Title VII or the DCHRA "provide their own express remedies for such misconduct and therefore cannot serve as predicates for a common law wrongful discharge claim").

The plaintiffs counters that the District of Columbia Family Medical Leave Act ("DCFMLA") protects Lockhart from termination "because she was pregnant and requested medical accommodation," thereby providing the statutory basis for a public policy exception. Pls.' Opp'n ¶ 10. In support of her claim of protection under the DCFMLA, the plaintiffs state unequivocally that "[Lockhart] believes she was terminated by the Defendant because she was pregnant." *id.* ¶ 7, even though her pregnancy was only one of two bases for her wrongful discharge alleged in both her complaint and deposition. In any event, the plaintiffs' reliance on a violation of the DCFMLA to provide the public policy basis for Count II is unavailing. While the DCFMLA may provide a protectable public policy interest, the statute also provides a civil cause of action and potential remedy. *See* D.C. Code § 32-510(a). Specifically, subject to a one year statute of limitations, the DCFMLA provides that "an employee . . . may bring a civil action against any employer to enforce the provisions of this chapter." *Id.* Consequently, the plaintiffs may not rely upon an alleged DCFMLA violation as the basis for their wrongful discharge claim because this statute itself provides a statutory remedy. To allow a wrongful discharge claim predicated on this statutory violation would subvert the otherwise applicable limitations period provided under this law.

The plaintiffs' remaining argument is likewise unavailing. Citing *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008), the plaintiffs contend that a court's focus in

9

"reviewing a wrongful termination claim will focus on the reasonableness of the asserted illegal motivation for the termination." Pls.' Opp'n ¶ 3. In their limited discussion of this case, the plaintiffs concede that they must produce "sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason." *Id*. The plaintiffs have utterly failed to produce any record evidence disputing the defendant's ample evidence of Lockhart's poor and unremediated work performance, including repeated inattention to duty, sleeping on duty, and abandoning her post, all of which led to her termination. Under these uncontroverted circumstances, the employment action taken by the defendant appears reasonable and, indeed, wholly warranted. Therefore, the court grants the defendant's motion for summary judgment.[4]

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment, ECF No. 25, on Count II of the complaint, which alleges wrongful discharge in violation of public policy, is GRANTED. An appropriate Order accompanies this Memorandum Opinion.

Date: December 14, 2013

_____
BERYL A. HOWELL
United States District Judge

---

[4] The defendant also argues that to the extent the plaintiffs are asserting a violation of Title VII, they fail to establish a *prima facie* Title VII case. *See* Def.'s Mem. at 12–15. The plaintiffs do not address this argument, which the Court therefore treats as conceded. *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1(D.C. Cir. 2005); *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 34 (D.D.C. 2013) (holding that plaintiff's failure to reference argument in opposition waives argument); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997)). In any event, even if the plaintiffs did dispute the defendant's position, for the reasons detailed in the defendant's memorandum, the plaintiffs' arguments would be unavailing.